IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


LIBERTY MUTUAL INSURANCE COMPANY,
ET AL                                                                    PLAINTIFFS

V.                                                    CIVIL ACTION NO. 3:07CV73-A-A

PAULINE TEDFORD, ET AL                                        DEFENDANTS

AND

FRANKLIN CORPORATION                                    COUNTER-PLAINTIFF

V.

LIBERTY MUTUAL INSURANCE COMPANY,
ET AL                                                            COUNTER-DEFENDANTS


ORDER ON MOTIONS TO COMPEL

Franklin has filed a motion to compel more complete responses to interrogatories and requests for production propounded to the Liberty Mutual [78]. The parties tried and were unable to resolve their discovery disputes without court intervention. The motion is fully briefed and ready for review.

Franklin argues that the following responses are deficient:

INTERROGATORY NO. 1: Identify each person who participated in formulating responses to these interrogatories and requests for production of documents.

1

RESPONSE: Attorneys for Liberty Mutual

INTERROGATORY NO. 5: Specifically identify all persons who participated in or have knowledge of the decision by Liberty Mutual to provide Franklin a defense under a reservation of rights in the underlying state court civil action brought against Franklin by the individual defendants in this action.

RESPONSE: The identities of the persons who participated in or have knowledge of the decision by Liberty Mutual to provide a defense to Franklin Corporation and the individually named Defendants in the underlying civil action are contained within the claim file records produced by Response to Franklin Corporation's Requests for Production of Documents. The in-house attorney that prepared the initial coverage position letter was an attorney in Liberty Mutual's legal department, Michael Keary. Liberty Mutual is willing to provide documents reflecting his involvement if there is an agreement or court order defining the scope of any waiver of the attorney-client privilege.

INTERROGATORY NO. 6: Specifically identify all persons who participated in or have knowledge of the decision by Liberty Mutual to file the complaint for declaratory judgment and other relief in this action.

RESPONSE: Liberty Mutual objects to identification of persons who participated in or have knowledge of the decision to file the Complaint for Declaratory Relief on the basis that the information is subject to the attorney-client privilege and constitutes attorney work product.

INTERROGATORY NO. 7: Specifically identify all persons who participated in or have knowledge of claims handling activities by Liberty Mutual pertinent to the claims asserted against Franklin in the underlying state court civil action.

RESPONSE: Liberty Mutual objects to Interrogatory No. 7 to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discover of admissible evidence. In particular, Interrogatory No. 7 seeks the identity of all people who have knowledge of Liberty Mutual's claims handling activities pertinent to the claims asserted against Franklin, even if those persons had no involvement in handling the claims against Franklin. Because Liberty Mutual handles claims in all fifty (50) states, identification of all the people who have knowledge of Liberty Mutual's claims handling activities would require Liberty Mutual to identify people who have absolutely no connection to any of the claims connected with this litigation. Without waiving the foregoing objections, Liberty Mutual responds: Doug Morgan. The identities of other persons who participated in or have knowledge Liberty Mutual's handling of claims asserted against Franklin in the underlying state court civil action are

2

contained within the claim file records produced in response to Franklin Corporation's Request for Production of Documents.

INTERROGATORY NO. 8: Identify all actions brought against you within the last ten years in which one of your insured has alleged that you failed to advise them of their legal rights following the tender by you of defense under a reservation of rights. In that identification provide the identity of your insured and the style and cause number of any resulting legal action.

RESPONSE: Liberty Mutual objects to this Interrogatory as it seeks information not relevant to the claims or defenses of the parties and is not likely to lead to the discovery of admissible evidence. Also, this Interrogatory is overly broad and unduly burdensome in that Liberty Mutual cannot reasonably be expected to maintain such information in a retrievable format, the search of historical files for the last ten (10) years to locate any such claims would not be possible or accurate and the burden of doing so would be cost prohibitive.

INTERROGATORY NO. 9: Identify all actions asserted against you within the last ten years in which your insured has asserted that your actions gave rise to coverage under an insurance policy by estoppel. In that identification provide the identity of your insured and the style and cause number of any resulting legal action.

RESPONSE: Liberty Mutual objects to this Interrogatory as it seeks information not relevant to the claims or defenses of the parties and not likely to lead to the discovery of admissible evidence. Also, this Interrogatory is overly broad and unduly burdensome in that Liberty Mutual cannot reasonably be expected to maintain such information in a retrievable format, the search of historical files for the last ten (10) years to locate any such claims would not be possible or accurate and the burden of doing so would be cost prohibitive.

INTERROGATORY NO. 10: Specifically identify all persons who participated in setting Liberty's reserves for the claims made against Franklin by the individual defendants to this action in the underlying state court civil action.

RESPONSE: Primarily Doug Morgan and Albert Greasby. However, see documents in claim files for others. Additionally, Liberty Mutual incorporated information from attorneys representing Franklin and the individual Franklin defendants in the state court civil action to the extent it was provided to Liberty Mutual.

INTERROGATORY NO. 11: If you claim that any employee, representative or agent of Franklin has made a statement against interest relevant to any matter at

issue in this action, identify the person making the statement, the date that the statement was made, all persons in privity to any such statement and the substance of any such statement.

RESPONSE:  Such statements are believed to exist in the communications between Franklin and attorneys hired by Franklin and/or Liberty Mutual which have not been provided to Liberty Mutual at this time.  Additionally, correspondence, pleadings, depositions and trial transcripts for the underlying civil action may contain statements by employees, representatives and/or agents of Franklin Corporation that are against the interest of Franklin Corporation.

INTERROGATORY NO. 12:  If you allege that the bodily injuries alleged to have been suffered by the individual defendants to this action in the underlying state court civil action were the result of an accident, state the factual basis of your claims in that regard, identify all documents on which you intend to reply to support those claims and identify all persons whom you intend to rely to support those claims.

RESPONSE:  Liberty Mutual objects to this Interrogatory to the extent that it calls for a legal conclusion or opinion.  Without waiving this objection, Liberty Mutual responds as follows:  Liberty Mutual originally was given notice of and handled claims of the individual Defendants as Workers' Compensation claims.  A jury after an extensive trial has found underlying Plaintiffs' claims (individual Defendants herein) are not covered by Workers' Compensation and a Judgment has been entered based on a finding that the actions of Franklin were intentional.  Therefore, the claims of the individual Defendants are not covered by the Liberty Mutual Workers' Compensation and Employers Liability policies issued to Franklin.  The proof, evidence, documents and testimony introduced at the trial of the claims by the individual Defendants are claimed to support the findings of the jury.  Additionally, documents contained within the files of the attorneys hired by Franklin Corporation and/or Liberty Mutual may contain information responsive to this discovery requests.

INTERROGATORY NO. 13:  If you allege claim [sic] that the bodily injuries alleged to have been suffered by the individual defendants to this action in the underlying state court civil action were the result of disease, state the factual basis of your claims in that regard, identify all documents on which you intend to rely to support those claims and identify all persons on whom you rely to support those claims.

RESPONSE:  Liberty Mutual objects to this Interrogatory to the extent it calls for a legal conclusion or opinion.  Without waiving this objection, Liberty Mutual responds as follows:  The records of individual Defendants, doctors they saw,

experts that testified at the underlying trial and other evidence available and presented in the underlying trial of the claims of the individual Defendants against Franklin demonstrate what the individual Defendants claim to suffer as a result of their claim of exposure to chemicals or compounds used at Franklin where they worked. Additionally, documents contained within the files of the attorneys hired by Franklin Corporation and/or Liberty Mutual may contain information responsive to this discovery request.

REQUEST NO. 5: Documentation of your present net worth, to be supplemented by the most recent documentation of your net worth at the time of trial.

RESPONSE: Liberty Mutual objects to production of privileged or confidential financial information.

REQUEST NO. 12: All documents relating to your decision to file a declaratory judgment action against Franklin.

RESPONSE: Liberty Mutual objects to production of any documents related to the decision to file this Declaratory Judgment action as being subject to the attorney-client privilege and constitutes work product and documents prepared in anticipation of litigation.

REQUEST NO. 13: All documents relating to your analysis of coverage for any judgment rendered against Franklin in the underlying state court civil action.

RESPONSE: Such documents prior to the retention of the firm of Bryan Nelson, P.A., will be produced subject to the objection set forth in response to Request No. 2. After Liberty Mutual retained Bryan Nelson, P.A., any such documents are subject to the objection stated in Response to Request for Production No. 12.

REQUEST NO. 14: All documents relating to your analysis of the extent of potential coverage available to Franklin for any judgment rendered against it in the underlying state court action.

RESPONSE: *See* Response and objection to Request for Production No. 13.

REQUEST NO. 15: All documents relating to your consideration of duties owed by you to Franklin upon your decision to defend Franklin in the underlying state court civil action under a reservation of rights.

RESPONSE: *See* Response and objection to Request for Production No. 13.

REQUEST NO. 16: All documents, including those extant in 2004 to the current date, delineating your policies, practices or procedures upon a determination to defend an insured in Mississippi under reservation of rights.

RESPONSE: To the extent known, such documents are being produced or will be made available for inspection and copying subject to the objection set forth in response to Request No. 2. However, at this time Liberty Mutual is not aware of specific documents responsive to this request.

REQUEST NO. 17: All documents possessed by any of your employees or agents participating in the decision to defend Franklin in the underlying state court civil action under a reservation of rights relating to an insurer's duties to its insured in Mississippi upon the insurer's tendering a defense to its uninsured under a reservation of rights.

RESPONSE: Liberty Mutual objects to this Request because it is unclear what is sought such that Liberty Mutual is not on fair notice of the documents being requested. Liberty Mutual further objects to Request No. 17 to the extent that it seeks documents that are not in the possession, custody or control of Liberty Mutual. Liberty Mutual also objects to Request No. 17 to the extent that it seeks documents relating to claims made by other insureds on the ground that such request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Liberty Mutual as it understands this Request responds that to the extent known and not subject to objection or privilege, such documents are being produced or will be made available for inspection and copying subject to the objection set forth in response to Request No. 2.

Under 26(b)(1) of the Federal Rules of Civil Procedure, the scope of discovery is relatively broad. A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and for good cause a court may order production of information as long as it is relevant to the subject matter of the case.

Interrogatory No. 1: There is no legitimate reason for not answering this interrogatory by providing the complete identity of each individual who participated in formulating Liberty Mutual's responses. Although everyone involved in this case may

know who "Attorneys for Liberty Mutual" are, it is so simple to list the individual names and other information – and such a basic obligation under the Rules – that it is not even necessary to further address this point.

Interrogatory No. 5: Liberty Mutual's response lists by name Michael Keary, Liberty Mutual's in-house attorney who prepared the initial coverage letter to Franklin, but indicates that there are other individuals who may have participated in the decision to provide defenses to the underlying case under a reservation of rights. When asked for names of individuals with knowledge of matters relevant to the claims and counterclaim in this case, Liberty Mutual named 53 individuals and mentioned that more might be found through the discovery process.[1] If there are other individuals who participated in Liberty Mutual's decision to provide a defense under a reservation of rights, Franklin should be allowed to discover their identity, as defined by the interrogatories, and the substance of the information known to them or their participation in the decision-making process. Liberty Mutual's response to this interrogatory is insufficient if there are more individuals associated with Liberty Mutual who participated in the decision to defend under a reservation of rights. Liberty Mutual makes no effort to supply that information. Liberty Mutual shall provide a compete response to this interrogatory detailing each relevant person and all appropriate identifying information.

Interrogatory No. 6: As discussed fully in this court's Order of May 1, 2008, the attorney-client privilege applies to *communications* between an attorney and client for the

---

[1] In response to Interrogatory No. 2, not currently in issue in this motion, Liberty Mutual listed the names of 53 individual who might have knowledge relevant to the claims.

purpose of facilitating rendition of professional legal services to the client. *See Dunn v. State Farm,* 927 F.2d 869, 875 (5th Cir. 1991). The identification of individuals who have knowledge of a matter that may or may not be subject to the attorney-client privilege is strictly factual information that is not protected by either the privilege or the work product doctrine. Liberty Mutual will be required to provide a full and complete response to this interrogatory.

Interrogatory No. 7: The court agrees that this interrogatory is overly broad and responding to it would be unduly burdensome. Although it clearly does not seek information related to all 50 states in which Liberty Mutual handles claims, as Liberty Mutual argues, the request for "all persons who participated in or have knowledge of claims handling activities by Liberty Mutual pertinent to the claims asserted against Franklin in the underlying state court civil action" does not seek with particularity any individual or group of individuals. In fact, "claims handling activities" is such an all-encompassing term that it could refer to an agent, a receptionist or assistant who opens the mail regarding claims, or attorneys and specialists who evaluate claims and policy provisions. Liberty Mutual will not be required to respond more fully to this interrogatory.

Interrogatory No. 8: This interrogatory requests information regarding claims made against Liberty Mutual similar to those alleged in the counterclaim within the last ten years. Liberty Mutual objects to this request as being overly broad and unduly burdensome and states that it is not able to retrieve such information or that the burden of retrieving it would be cost prohibitive. Franklin has agreed to limit the request to cases

8

filed in Mississippi and argues that it is not necessary to rely on computer retrieval of relevant information, but on information provided by employees of Liberty Mutual. The court agrees that there may be less expensive means for determining if such information exists. For example, an e-mail to all Liberty Mutual employees asking if they recall any such claims or cases in the last ten years is a simple, inexpensive means of discovering whether any claims were ever made in Mississippi. Liberty Mutual has a duty to at least attempt to determine if information responsive to this interrogatory exists, if not by computerized search of files (a general search of a computer data base surely would be a start), then at least by inquiry of employees who may have relevant, discoverable information. At a minimum, a good faith effort is required. Liberty Mutual shall initiate a search into the existence of relevant information, and after receiving any such information, fully and completely respond in an organized manner to Interrogatory No. 8 with any discoverable information. The court is aware that there may be no information available that is responsive to this request, but Liberty Mutual must at least make an attempt to find it.

Interrogatory No. 9: As with Interrogatory No. 8, the information sought by this interrogatory is within the permissible scope of discovery. As with No. 8, Franklin has agreed to limit its request to claims within the state of Mississippi within the last ten years. There may be no information responsive to this request, and the means for discovery of the information may not necessarily be as simple as typing a request into a computer, but Liberty Mutual has a duty to make a good faith inquiry into the existence

9

of such information, to follow up on the validity of the information and provide all relevant information responsive to this inquiry to the defendant in an organized manner.

Interrogatory No. 10: Liberty Mutual's response, "see documents in claims files for others" is not only insufficient, but also fatally unclear. The duty to respond to interrogatories and requests for production requires an attorney to conduct a reasonable inquiry into the factual basis of the claims and defenses in a case and the relationship of all relevant information to the discovery requests of the opposing party. *See National Ass'n of Radiation Survivors*, 115 F.R.D, 554, 556 (N. D. Cal. 1987)("[A] reasonable inquiry into the factual basis of [a party's] discovery responses ... require[s], at a minimum, a reasonable procedure to distribute discovery requests to all employees and agents of the [party] potentially possessing responsive information, and to account for the collection and subsequent production of the information to [the opposing party]."). Liberty Mutual's response does not reflect that it made any inquiry to provide all necessary information responsive to this request; it shall provide a full response, which requires review of the claims files to determine the identity of other relevant individuals and information.

Interrogatory No. 11: Franklin argues that the response to this interrogatory is a "non-response" in that Liberty Mutual does not state that it has knowledge of any statements against interest, yet alludes to their existence. The court is without sufficient information to determine whether such statements exist, particularly in light of the court's recent ruling regarding attorney-client privilege and work product doctrine. What is clear, however, is that Liberty Mutual must provide a good faith response, which

10

includes searching "correspondence, pleadings, depositions and trial transcripts for the underlying civil action" to determine whether such statements are there if it intends to use them in this case. Liberty Mutual may respond that it is doing so and intends to supplement its response, but it is reminded that it must supplement in a timely manner or be barred from introducing such evidence at trial. Liberty Mutual shall provide a more complete response to this interrogatory, and if any responsive information exists, provide it in an organized manner, with supplementation as necessary.

Interrogatory No. 12: Franklin again claims that Liberty Mutual's answer to this interrogatory is "non-responsive." The court agrees. Liberty Mutual provides only the chronology of events that led to its seeking a declaratory judgment that the claims in the underlying state court case were not covered by its policies and states that the documents and information provided during the underlying trial provide the basis for the jury's conclusions and ultimately Liberty Mutual's filing of this case. At the end of the response, however, the court – and presumably Franklin as well – is unable to determine whether, after all, Liberty Mutual *is* claiming that the bodily injuries were the result of an accident. The court presumes that it is not since Liberty Mutual filed suit on grounds the injuries were the result of intentional acts, but Liberty Mutual never *says so* in its response. As with No. 11, if Liberty Mutual is claiming accident here, then it must provide a specific response to the question.

Interrogatory No. 13: This response is insufficient. Liberty Mutual must specify the particular documents, exhibits or testimony or other information it will rely upon for any claim that bodily injuries were the result of disease.

11

Request No. 5: While sympathetic to Liberty Mutual's objection and position regarding this request for a net worth statement, the court is aware of a previous case in this district in which a trial had to be delayed to locate and update a previously sealed net worth statement. Due to the sensitive nature of the information, Liberty Mutual is ordered to provide the requested information, to the extent that the information is available in the regular course of business, in a sealed envelope, to defendant's counsel by May 30, 2008. <u>Franklin's counsel only</u> may examine the documents,[2] and counsel is prohibited from revealing the contents of the documents to any other person or entity, including Franklin. Franklin's counsel is ordered to treat the information as strictly confidential until such time as it is received into evidence at the trial. If and when the evidence is ruled admissible at trial, Liberty Mutual will be required to have available an updated net worth statement for introduction into evidence. If at any point it is determined that this confidential information is disseminated beyond Franklin's attorneys, sanctions may be imposed for failure to comply with this Order.

Request Nos. 12 through 16: Liberty Mutual's counsel has a duty under Rule 26 to make a reasonable inquiry into the factual basis for its client's claims and to respond fully to discovery requests unless the requested information is privileged. If the documents requested by this interrogatory are protected by the attorney-client privilege,

---

[2] It is only fair that Franklin's counsel have some idea of the nature and extent of the net worth of the Liberty Mutual going into the trial; moreover, if the documentation presented is deficient, Franklin's counsel should have the means to correct that before trial.

then Liberty Mutual must identify the documents properly in a privilege log. Failure to do so may result in sanctions.[3]

Request No. 17: Although Liberty Mutual properly objects to being asked to produce any documents that are outside its custody and control, The court does not read the request to include documents which would fall into this category. Of course, Liberty Mutual has custody and control of documents in the possession of its employees and agents. Liberty Mutual must make a full, complete, and organized response if it has not been made or supplemented to date.

Rule 37(5) provides guidance for dealing with payment of expenses when a motion to compel is filed. The Rule previously stated that upon granting a motion to compel, a court "shall . . . require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees," absent certain extenuating circumstances. FED. R. CIV. P. 37(a)(4)(A). These sanctions were mandatory and self-operating to ensure full compliance with the discovery rules. See Comment. Rule 37 was amended in 2007 and now states

> (5) ***Payment of Expenses; Protective Orders.***
> **(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery

---

[3]In Franklin's supplement to motion to compel more complete responses to interrogatories and requests for production [86], Franklin noted that Liberty Mutual had filed supplemental responses to Requests No. 13, 14, 15, 16 and 17 and had created a privilege log identifying documents withheld from production on the basis of attorney-client privilege or work product doctrine. It is not clear whether this privilege log encompasses the documents discussed in relation to Request No. 12. If not, the privilege log should be amended or supplemented as necessary.

is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
> **(iii)** other circumstances make an award of expenses unjust.

(B) *If the Motion Is Denied.* If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

**(C)** *If the Motion Is Granted in Part and Denied in Part.* If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

Fed. R. Civ. P. 37(5). Liberty Mutual's objections were, for the most part, well founded. The court concludes that given the environment of this case, responses that the court has ordered must be supplemented or more completely answered do not warrant Liberty Mutual's payment of fees associated with the filing of this motion, and therefore holds that no such sanctions will be awarded.

Franklin's motion to compel is granted in part and denied in part. All discovery responses and materials responsive to the requests and required by this Order shall be completed, all supplementations completed and, if necessary, privilege logs completed and provided to Franklin no later than June 1, 2008.

Franklin's supplement to this motion, filed as docket entry no. 86 and considered in this ruling, is found to be moot.

SO ORDERED, this, the 12th day of May, 2008.

             ___/s/ S. ALLAN ALEXANDER_____
             UNITED STATES MAGISTRATE JUDGE