IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LIBERTY MUTUAL INSURANCE COMPANY,
ET AL                                                              PLAINTIFFS

V.                                                    CIVIL ACTION NO. 3:07CV73-A-A

PAULINE TEDFORD, ET AL                                              DEFENDANTS

AND

FRANKLIN CORPORATION                                         COUNTER-PLAINTIFF

V.

LIBERTY MUTUAL INSURANCE COMPANY,
ET AL                                                       COUNTER-DEFENDANTS

ORDER ON MOTION TO COMPEL SUPPLEMENTAL PRIVILEGE LOG

Liberty Mutual has filed a motion to compel Franklin to file a supplemental privilege log because the privilege log does not contain sufficient details to allow a reasonable assessment of the validity of the privilege claim as to each document. Under Rule 26(b)(5) of the Federal Rules of Civil Procedure, a party who withholds documents on a claim of privilege must

> (I) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--<u>and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.</u>

(emphasis added).

The court has reviewed the 27-page privilege log submitted by Franklin, and concludes that some of the entries are sufficient to determine that the attorney-client privilege or protections of the work product doctrine would apply [*e.g.* Document No. FRANK 02623-24, 9-19-06 letter from Robert Mims to potential expert witness in underlying civil action with cc to Jeff Cox], the majority of descriptions of documents are not sufficient to allow plaintiff or the court to determine whether or not the communication actually contains information that would be privileged.

The attorney client privilege, contained in Rule 502(b) of the Mississippi Rules of Evidence, defines the attorney-client privilege as the client's right to refuse to disclose and prevent others from "disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client." Miss. R. Evid. 502(b). In order to be protected, the Rule further requires that the confidential communications must have been made:

> (1) between [the client] or his representative and his lawyer or his lawyer's representative, (2) between his lawyer and the lawyer's representative, (3) by [the client] or his representative or his lawyer or a representative of the lawyer to a lawyer or a representative of lawyer representing another party in a pending action and concerning a matter of common interest therein, (4) between representatives of a client or between the client and a representative of the client, or (5) among lawyers and their representatives representing the same client.

*Id*. Not all communications with an attorney or communications between parties are confidential. To serve its purpose of allowing the reader to ascertain confidentiality of the document in issue, the description in the privilege log must state not only the parties to whom a document is to, or from, but also the general nature of the communication so that the recipient of their log may readily determine that the subject is one that would be afforded the protections provided by Rule 502 and applicable case law. *See United States v. El Paso Co.*, 682 F.2d 530,

541 (5th Cir. 1982) (citing *United States v. Davis*, 636 F.2d 1028, 1044 n.20 (5th Cir. 1981)(Blanket assertions of a privilege are unacceptable, and the court and other parties must be able to test the merits of a privilege claim.) ).  This court has previously held that a party asserting a privilege must provide sufficient information within the log so that the court and the requesting party can determine whether the log entry satisfies *each element* of the asserted privilege.  *United Investors Life Ins. Co. v. Nationwide Life Ins. Co., et al*  233 F.R.D. 483, 485 (N.D. Miss 2006).  Any lesser description fails to comply with the requirements of Rule 26.  *Id* at 485 *citing*,  *Simmons Foods, Inc. v. Willis*, No. 97-4192-RDR, 2000 WL 204270 at *5 (D. Kan. Feb. 8, 2000).

For example, a letter from Jeff Cox (the vice president, chief financial officer and general counsel of Franklin Corporation) to Scott Shumpert (the human resources director at Franklin) or to Barry Ard (an accountant with Franklin) is not in and of itself privileged just because Cox is Franklin's general counsel.  Because the subject matter of the communication determines whether the communication privileged or not, Franklin must provide a more detailed description to allow Liberty Mutual and the court to determine if the privilege applies.

Franklin argues that it has offered a description of the documents' subject matter, but the court has reviewed the privilege log and is still unsure where any such description is located.  In some instances the descriptions refer to the underlying civil action; most descriptions, however, are limited to the date the communication was created, the author, recipient[s] and whether it was an e-mail, memorandum, letter or handwritten note.  This bare bones information is not sufficient to allow a the reader to reasonably assess the application of the attorney-client privilege.

The court's May 1, 2008 Order directly concerns the attorney-client privilege, the work product doctrine and the waiver those protections.   Franklin will not be required to supplement

its privilege log as to documents subject to the court's May 1, 2008 Order and to which the protections of the attorney client privilege and the work product doctrine no longer apply.

Liberty Mutual's motion to compel supplemental privilege log is GRANTED. All supplements must be made on or before June 10, 2008.

SO ORDERED, the 21st day of May, 2008.

                _____/s/ S. ALLAN ALEXANDER_____
                UNITED STATES MAGISTRATE JUDGE