IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LIBERTY MUTUAL INSURANCE COMPANY,
ET AL                                                                    PLAINTIFFS

V.                                                  CIVIL ACTION NO. 3:07CV73-A-A

PAULINE TEDFORD, ET AL                                          DEFENDANTS

AND

FRANKLIN CORPORATION                                       COUNTER-PLAINTIFF

V.

LIBERTY MUTUAL INSURANCE COMPANY,
ET AL                                                              COUNTER-DEFENDANTS

ORDER ON MOTION TO COMPEL ANSWERS TO DISCOVERY

Liberty Mutual has moved to compel Franklin to supplement its responses to two interrogatories and to compel Franklin's in-house counsel, Jeff Cox, to answer certain questions which he refused to answer on advice of counsel during his deposition. In addition, Liberty Mutual seeks to compel documents responsive to four requests for production of documents related to Franklin's knowledge of its *Moeller* rights and its related acts or omissions. Franklin argues in response that the motion is properly granted only if the court finds that Franklin has affirmatively "put in issue . . . the subject of attorney/client communications." [Docket No. 106, p. 9.] The court has previously held that "Franklin voluntarily surrendered the protections which

the attorney-client privilege and work product doctrine otherwise offered it." Order, May 1, 2008 [Docket No. 133, pp. 8-9]. As argued by both Liberty Mutual and conceded by Franklin, this order having been entered, it follows that Liberty Mutual's motion to compel should be granted. However, out of an abundance of caution, the court concludes that the motion should be granted but not to the full extent requested.

Liberty Mutual seeks more complete responses to the following interrogatories:

**INTERROGATORY NO. 13:** When did Franklin Corporation and/or Franklin Corporation's attorneys, including but not limited to Sandy Sams and/or Jeff Cox, first obtain knowledge of Franklin Corporation's rights to select independent counsel of Franklin Corporation's choosing to defend the underlying civil action at Liberty Mutual's expense since Liberty Mutual was providing Franklin Corporation a defense under a reservation of rights.

**RESPONSE TO NO. 13:** Franklin objects to this interrogatory insofar as it purports to inquire about the knowledge of Sandy Sams since his knowledge is not attributable to Franklin nor would such knowledge be relevant for any purpose in this lawsuit. Franklin further objects to this interrogatory regarding the knowledge of Jeff Cox who serves as General Counsel and Chief Financial Officer of Franklin Corporation as being an irrelevant inquiry in this lawsuit and for the further reason that any such knowledge gained by Jeff Cox in the subject matter would have been gained through attorney-client communications and are privileged.

**INTERROGATORY NO. 14:** When did Franklin Corporation and/or Franklin Corporation's attorneys, including but not limited to Sandy Sams and/or Jeff Cox, first become aware of the Mississippi Supreme Court's decision in the matter of *Moeller v. American Guarantee and Liability Ins. Co.*, 707 So.2d 1062 (Miss. 1996).

**RESPONSE TO NO. 14:** Franklin objects to this interrogatory insofar as it seeks to determine when Sandy Sams became aware of the decision of *Moeller v. American Guarantee and Liability Ins. Co.*, as not being knowledge attributable to Franklin Corporation and furthermore is not relevant in any respect to these proceedings. Franklin Corporation objects to this interrogatory insofar as it seeks to inquire of Jeff Cox, General Counsel and Chief Financial Officer of Franklin Corporation, when he became aware of the *Moeller* decision inasmuch as any such knowledge came through attorney-client communications and it is therefore privileged.

Each of the above interrogatories seeks information directed to pinpoint, if possible, the time period

when and if Franklin became aware of its rights under *Moeller* and therefore Franklin's right to select independent counsel. Mr. Cox, Franklin's in-house counsel, and Mr. Sams, Franklin's outside counsel, are each experienced and well-respected attorneys in their own right. The interrogatories seek information about when these individuals first were made aware of *Moeller* rights in this case. The date upon which these attorneys became aware of *Moeller* rights the date when Franklin was made aware of its rights under *Moeller* with regard to the instant case are two separate issues. Both attorneys surely would have learned of *Moeller* and its holding in 1996 when the decision was handed down. *Moeller* is a pivotal decision in Mississippi case law, and its effects have been widespread in the legal field. But although Mr. Sams and Mr. Cox were aware of the decision and its implications long ago, their knowledge is not necessarily relevant for purposes of the instant case. As hyper technical as it may seem, the issue relevant to this case is when Franklin and Franklin's counsel became aware of Franklin's rights under *Moeller* <u>with regard the underlying case</u> and the issues surrounding that case. Franklin will be required to supplement its response to include confidential communications that might otherwise have been protected by the attorney-client privilege and the work product doctrine, but the scope of inquiry will be limited to case-specific facts and does not extend to general knowledge of counsel. This limitation does not in any way protect communications between Franklin, Cox and Sams or Mitchell McNutt and Sams. The court is aware that the knowledge and experience of both Sams and Cox must come into play at some point; nevertheless, general knowledge and knowledge as applied to the instant facts and circumstances will be the line of demarcation as to the scope of discovery.

Liberty Mutual also seeks to compel additional responses and production of documents for the following requests:

3

**REQUEST NO. 17:** The entire contents of any and all files, including file folder and file jackets, which relate to or concern advice received from any person or entity concerning Franklin Corporation's rights, duties or obligations related to claims made in the Underlying Civil Action under any policies of insurance issued to Franklin Corporation by Liberty Mutual and any internal documents containing any discussion of these issues.

**RESPONSE NO. 17:** Franklin objects to this request as being overly broad and unduly burdensome. This objection notwithstanding and not being waived, to the extent that this request seeks documents contained in the files of Anderson Crawley & Burke and/or the law firm of Daniel Coker Horton & Bell, Franklin refers to its additional general objection and seeks directive from the court. To the extent that this request seeks documents to or from Mitchell, McNutt & Sams, Franklin objects to production of these documents on the basis set out in the MMS objection. To the extent that this request seeks documents to or from Wise Carter Child & Carraway, Franklin objects to the extent that any such documents are protected by attorney-client privilege or work product immunity. Documents responsive to this request that are not otherwise protected by a privilege or immunity will be produced for inspection by Liberty Mutual at a mutually convenient time and place.

**REQUEST NO. 18:** The entire contents of any and all files, including file folder and file jackets, which relate to or concern advice received from any person or entity concerning Franklin Corporation's rights, duties or obligations which arose following receipt of Liberty Mutual's Reservation of Rights letters.

**RESPONSE NO. 18:** Franklin objects to this request as being overly broad and unduly burdensome. This objection notwithstanding and not being waived, to the extent that this request seeks documents contained in the files of Anderson Crawley & Burke and/or the law firm of Daniel Coker Horton & Bell, Franklin refers to its additional general objections and seeks directive from the Court. To the extent that this request seeks documents to or from Mitchell, McNutt & Sams, Franklin objects to production of these documents on the basis set out in the MMS objection. To the extent that this request seeks documents to or from Wise Carter Child & Carraway, Franklin objects to the extent that any such documents are protected by an attorney-client privilege or work product immunity. Documents responsive to this request that are not otherwise protected by a privilege or immunity will be produced for inspection by Liberty Mutual at a mutually convenient time and place.

**REQUEST NO. 22:** The entire file of Franklin's attorneys related to the defense of the Underlying Civil Action and any issues as to any insurance coverage for the claims

against Franklin or the individual Franklin Defendants who were also sued to include, but not limited to, the following:

      a.      L.F. "Sandy" Sams, Jr.
              Mitchell, McNutt & Sams,

      b.      Robert J. Mims
              Daniel Coker Horton & Bell

      c.      Timothy D. Crawley
              Anderson Crawley & Burke

      d.      Jeffrey M. Cox
              Franklin Corporation

**RESPONSE TO NO. 22:** Franklin objects to this request in that it potentially seeks production of documents protected by a physician/patient privilege and/or which contain information invading privacy rights of persons not parties to this action including medical and personnel documents. To the extent that this request seeks documents from Mitchell, McNutt & Sams to which Franklin has access, Franklin objects to production of any such documents protected by an attorney/client privilege and/or work product immunity. To the extent that this request seeks documents from the law firm of Anderson Crawley & Burke and/or Daniel Coker Horton & Bell to which Franklin has access, Franklin refers to its additional general objection and seeks directive from the court. Any document sought by this request pertinent to the file of Jeffrey M. Cox of Franklin not subsumed by the request for documents from the files of Mitchell, McNutt & Sams, Daniel, Coker, Horton & Bell and/or Anderson, Crawley & Burke and not otherwise protected by a privilege or immunity will be produced for inspection by Liberty Mutual at a mutually convenient time and place.

**REQUEST NO. 23:** All notes, files, e-mails and correspondence or any other document, digital or hard copy, related in anyway to the Underlying Civil Action or insurance coverage for claims against Franklin and the individual Franklin Defendants kept by Franklin or any of its employees, including but not limited to, Jeff Cox, Barry Ard, Hassell H. Franklin, John Lyles, Don Livingston, Jimmy Pumphrey and Jeff Clements.

**RESPONSE NO. 23:** Franklin objects to this request to the extent that it seeks any document pertinent to claims asserted against the individual defendants as being not relevant to any issue at bar nor reasonably calculated to lead to the discovery of admissible evidence. Further, any such document will be protected by an attorney/client privilege and/or work product immunity. Franklin defenses further to

> this request in that it potentially seeks production of documents protected by a physician/patient privilege and/or which contain information invading privacy rights of persons not parties to this action including medical and personnel documents. To the extent that documents sought by this request are not subject to the foregoing objection and not subsumed by documents sought by other requests for production and/or are not protected by a privilege or immunity, these documents will be produced for inspection by Liberty Mutual at a mutually convenient time and place.

As stated above, the May 1, 2008 Order directly addressed the production of documents in question and Franklin's objections and assertions of privilege. Franklin will be required to make supplementations and provide a complete response to the requests for production in accordance with the court's May 1, 2008 Order and this ruling.

Lastly Liberty Mutual seeks to re-convene the deposition of Jeff Cox, at the expense of Franklin, to seek testimony from Cox regarding his knowledge of *Moeller* rights and Franklin's right to hire independent counsel. At Mr. Cox's deposition on February 5 and 6, 2008, Cox was represented by Mr. Sams, who, in response to questions about when Cox learned of Franklin's rights under *Moeller* and right to hire independent counsel, instructed Cox not to answer the questions based on the attorney client privilege. This was a valid objection at the time and proper under the circumstances. The court's subsequent May 1, 2008 Order, makes Liberty Mutual's motion to compel a response to this reasonable. Therefore, Liberty Mutual may re-depose Cox on these issues its own expense, the court will not require Franklin to bear the expense for making a previously meritorious objection. If the deposition is to be reconvened, it must be done at Liberty Mutual's expense, within the time constraints of the discovery period in this case and in accordance with the court's rulings on issues of privilege and the extent of waiver.

Liberty Mutual's motion to compel Franklin to supplement its responses to interrogatories

number 13 and 14 and to compel Franklin's in-house counsel Jeff Cox to answer certain questions which he refused to answer, on advice of counsel, during his deposition is GRANTED. Liberty Mutual's motion to compel responses to requests for production numbers 17, 18, 22 and 23 is GRANTED, but not to the full extent requested.

SO ORDERED, the 21st day of May, 2008.

        ___/s/ S. ALLAN ALEXANDER_____
        UNITED STATES MAGISTRATE JUDGE