IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LIBERTY MUTUAL INSURANCE COMPANY,
ET AL                                                                                      PLAINTIFFS

V.                                                        CIVIL ACTION NO. 3:07CV73-A-A

PAULINE TEDFORD, ET AL                                                    DEFENDANTS

AND

FRANKLIN CORPORATION                                              COUNTER-PLAINTIFF

V.

LIBERTY MUTUAL INSURANCE COMPANY,
ET AL                                                                        COUNTER-DEFENDANTS


ORDER ON MOTION FOR RECONSIDERATION OF
MAY 1, 2008 ORDER ON MOTION FOR PROTECTIVE ORDER [57]
AND MOTION TO COMPEL [67]

On May 1, 2008 the undersigned entered an order granting in part and denying in part Franklin Corporation's Motion for Protective Order [57] and granting in part and denying in part Liberty Mutual's Motion to Compel [67]. Franklin filed a motion for reconsideration and clarification [141] of the Order. The motion is now fully briefed, and after reviewing all relevant information provided by the parties and all applicable law, the court denies the motion for reconsideration but holds that clarification, as requested, is warranted.

The central issue addressed in the May 1 Order was that of privilege. Franklin states that

1

its "[c]ounsel . . . did not understand that the court would address . . . these motions [on] the full gamut of the issues of attorney-client privilege and work product protection and did not brief the issues or make the Court aware of facts and applicable law in this case sufficient to assist the Court to make a fully informed judgment on those issues." Docket No. 142, p.1. This is a declaratory judgment action in response to which Franklin filed the affirmative defense and counterclaim that Liberty Mutual's failure to specifically advise Franklin of its legal rights under *Moeller* invoked the doctrine of equitable estoppel which entitles Franklin to coverage under Liberty Mutual's worker's compensation policies even if those policies expressly exclude coverage.

In the flurry of motions filed by both parties around the same time that Franklin filed its motion for protective order and Liberty Mutual responded with its motion for protective order or in the alternative motion to compel, Liberty Mutual filed a motion for summary judgment on Franklin's counterclaim. As part of its summary judgment motion, Liberty Mutual has argued that because Franklin was aware of its rights under *Moeller*, it cannot prove all necessary elements of estoppel and therefore it is entitled to summary judgment on Franklin's counterclaim. The summary judgment motion is predicated on the premise that Franklin "cannot establish that it reasonably and justifiably relied on any representations by Liberty Mutual or that it changed its position in reliance on any representations by Liberty Mutual." Docket No. 81, p. 13. According to Liberty Mutual, by filing its counterclaim, Franklin has put into issue the facts surrounding its knowledge about and reliance upon Liberty Mutual's representations about reservation of rights and Franklin's *Moeller* rights; thus, argues Liberty Mutual, Franklin has effectively waived the attorney-client privilege and work product protections relating to

2

Franklin's counterclaim and knowledge of its rights to retain independent counsel in the underlying case.

Liberty Mutual's motion for summary judgment is pending before District Judge Aycock. Nevertheless, the issues of discovery, application of the attorney-client privilege and the work product doctrine, and all related pretrial issues are before the undersigned magistrate judge. Liberty Mutual, by separate motion, requested that Judge Aycock rule on several of the discovery motions stating that "[t]he uniqueness of the effect that Franklin Corporation's invocation of the attorney-client privilege has on the merits of its Counterclaim, and its relationship to the pending dispositive motions, serve as a justifiable reason to seek exception to Rule 72.4 of the local rules for automatic referral of non-dispositive discovery issues to the Magistrate." Docket No. 83, p. 2. However, by Order dated March 6, 2008, Judge Aycock declined to rule on the discovery motions as requested and denied oral arguments on the motions. Docket No. 98. The undersigned then ruled on the motions on May 1, 2008. In sum, it is entirely understandable that Franklin may have been uncertain about which issues were before the district judge and which were before the magistrate judge. Franklin has now provided a complete response to the issues presently before this judge, but the court nevertheless holds that Franklin's arguments do not alter the previous decision, and the motion for reconsideration is denied.

Franklin relies heavily on the Fifth Circuit's opinion in *Twin City Fire Ins. Co. v. City of Madison*, 309 F.3d 901 (5th Cir. 2002), to support its position that "knowledge" of its *Moeller* rights is irrelevant. Following Franklin's argument, because its knowledge is irrelevant, the facts and underlying information related to knowledge of its *Moeller* rights is likewise irrelevant.

3

Therefore, Franklin contends, the mere assertion of its counterclaim does not waive the attorney-client privilege or work product doctrine as it applies to relevant documents or information. However, Franklin's arguments regarding whether its knowledge is relevant to prove its counterclaim is a decision reserved for the trial judge and could lead to the ultimate disposition of Franklin's claims. The issue before the undersigned is a different one: whether or not Franklin has waived its attorney client privilege or applicable work product protections as to information relating to its counterclaim.

No case law or applicable principle eliminates Franklin's duty to establish all the elements of its claim of equitable estoppel. Although the *Twin City* case found that coverage can exist even in circumstances where a policy would otherwise deny it, the exception is extremely limited. *Twin City Fire Ins. v. City of Madison*, 309 F.3d 901, 906 (5th Cir. 2002). *Twin Cities* does not stand for the premise that the insurer becomes strictly liable for coverage when and if the insurer fails to advise the insured of its rights to independent counsel; rather the case stands for the proposition that where there is proof of all traditional elements of a claim of equitable estoppel,[1] including reliance and prejudice, there may exist a genuine issue of material fact whether despite a policy exclusion the insurer may be liable for a breach of duties to its insured. *Id.* The case speaks in terms of facts and inferences to be drawn from the facts in deciding the coverage issue. That is exactly the situation presented in this case – whether the facts will fall in

---

[1]Equitable estoppel exists under Mississippi law "where there is a (1) belief and reliance on some representation; (2) a change of position as a result thereof; and (3) detriment or prejudice caused by the change of position." *B.C. Rogers Poultry, Inc. v. Wedgeworth* 911 So.2d 483, 492 (Miss.,2005) *citing Cothern v. Vickers, Inc.,* 759 So.2d 1241, 1249 (Miss.2000).

favor of Franklin's claim. For Franklin to prove or Liberty Mutual to defend against all necessary elements of the counterclaim – including reasonable reliance and resulting prejudice – there must be pre-trial discovery. The facts surrounding Franklin's knowledge of its *Moeller* rights are clearly relevant and material to that decision. In determining what discovery is appropriate under the Rules of Civil Procedure, the undersigned must determine whether (1) certain information and communications between Franklin and its attorneys is subject to the attorney-client privilege or work product doctrine and therefore protected from disclosure or (2) those protections were waived and the information required to be disclosed to the opposing party.

Franklin has provided no law or argument that persuades the undersigned that the court's previous ruling that Franklin, and only Franklin – not the individually named defendants that were also parties to the underlying case – has waived the attorney-client privilege and the work product doctrine regarding information related to its counterclaims against Liberty Mutual.[2] For this reason, the court holds that Franklin's motion for reconsideration of the court's May 1, 2008 Order is denied.

Insofar as Franklin's motion for reconsideration requested clarification of the May 1 Order, the court holds that the following clarification is warranted.

    (a)    All privileged communications, whether related to coverage issues or not, between Franklin or its counsel and the law firm of Wise Carter, and specifically attorney Jimmy Robertson, after June 18, 2007 are protected from disclosure. Any communications between Franklin or its counsel regarding coverage issues in

---

[2] The undersigned hereby incorporates all legal analysis and discussion regarding waiver of the attorney-client privilege and/or work product doctrine previously stated in the court's May 1, 2008 Order herein.

5

the underlying state court action before that date are not privileged and must be produced. No privilege log entries are required to be submitted regarding any documents or information from June 18, 2007 forward.

(b) Any documents in the possession of the law firm of Daniel Coker relating solely to the defense of the individual defendants in the underlying state court action are privileged. A privilege log will not be required for such information. However, all communications between Daniel Coker, specifically attorney Robert Mims, and Franklin or its attorneys regarding coverage issues in the underlying state court action are not privileged and must be produced, including information from the date that Mr. Mims acted as counsel for Franklin – May 7, 2007 forward..

(c) Any information produced by Liberty Mutual relating to the defense of the individual defendants that may have been privileged but was produced subject to any previous agreement between parties to this action or otherwise inadvertently produced should be returned to the proper party and will not be allowed to be used by experts or any other witnesses in this case. This ruling particularly applies to information relating to the representation of the individual defendants in the underlying case which this court has ruled is protected by the attorney-client privilege.

As previously stated in the court's May 1, 2008 Order, a privilege log of the documents and information that the court has determined are no longer protected is obviously not necessary. As for remaining documents that are still subject to protection from disclosure, counsel will be required to provide a detailed privilege log. It is not necessary to detail documents that are

duplicated from one law firm's file to another (*e.g.*, a letter from Robert Mims to Tim Crawley that is contained in both Crawley's and Mims's files) so long as the documents are identical or unaltered. Each document need only be listed once, and a duplicate may be simply listed as duplicate of document number ___ on page ___ of the privilege log.

All documents and information to be produced pursuant to this decision must be produced within 45 days or within 15 days of the District Judge's decision on the appeal of this and the court's May 1, 2008 Order[3] if this order is appealed.

SO ORDERED, this the 23rd day of July, 2008.

                                       __/S/ S. ALLAN ALEXANDER_____
                                       UNITED STATES MAGISTRATE JUDGE

---

[3] Franklin has appealed the court's May 1, 2008 Order under Rule 72 of the Local Rules. The appeal is fully briefed and pending before Judge Aycock. However, in that appeal Franklin requested that the appeal not be ruled on until after the undersigned considered the instant motion for reconsideration.