IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LIBERTY MUTUAL INSURANCE COMPANY,
ET AL                                                                               PLAINTIFFS

V.                                                         CIVIL ACTION NO. 3:07CV73-A-A

PAULINE TEDFORD, ET AL                                                DEFENDANTS

AND

FRANKLIN CORPORATION                                        COUNTER-PLAINTIFF

V.

LIBERTY MUTUAL INSURANCE COMPANY,
ET AL                                                                    COUNTER-DEFENDANTS

ORDER

The court has postponed ruling on several motions in this case while addressing issues of privilege and other discovery matters to maintain continuity within the discovery process. In light of the court's recent rulings and the fact that the trial judge has reset the trial of this case for March 2, 2009, it is now necessary to rule on all remaining discovery motions to speed resolution of the case. The following motions remain pending before the undersigned:

1. Franklin's motion to compel further discovery [107];

2. Franklin's motion to compel regarding the 30(b)(6) deposition of Liberty Mutual [118];

3. Liberty Mutual's motion to disqualify L.F. Sandy Sams as attorney for defendant

1

Franklin Corporation [131];

4. Liberty Mutual's motion to stay discovery [139] and;

5. Franklin's motion for reconsideration of Order on Motion to Compel [156].

Motion to Compel Further Discovery

Franklin seeks an order compelling Liberty Mutual to respond more completely to Interrogatory No. 14 of the second set of Franklin's interrogatories propounded January 15, 2008.

INTERROGATORY NO. 14    As to each person identified in subparagraph (a) of the Response to Interrogatory No. 2 of Plaintiff's answer to Defendant, Franklin Corporation's, First Set of Interrogatories and Requests for Production of Documents please state the following:

A. The place where each person identified is employed;
B. His/her job title and responsibilities;
C. Each person's last known business and residence address, business telephone number and home telephone number;
D. The subject matter (and specifically which claim or defense) concerning which each identified person has knowledge;
E. Whether such identified person will be called as a witness by Liberty Mutual and if so, in respect to what subject matter and specifically which claim or defense such person will be called as a witness.

Liberty Mutual responded to the interrogatory:

RESPONSE:   In Response to Interrogatory No. 2 Liberty Mutual identified persons whose name appeared in Liberty Mutual's claims file as persons who may have had discoverable knowledge of any discoverable matter relevant to the claims asserted by Liberty Mutual in the declaratory judgment action and/or defenses to the Counterclaim filed by Franklin Corporation. Since that time Liberty Mutual has produced the following documents:

1. Liberty Mutual Workers compensation Claim File – 999000001 - 999000345;
2. Liberty Mutual Home Office Claim File – LMHO Claim 000001 - LMHO Claim 001152;
3. Liberty Mutual CGL Claim File – CGL000001 - CGL 000947;
4. Insurance policies and other corporate records – 00001 -

000625;
5. Doug Morgan Claim File – Morgan 005001 - Morgan 006036.

A number of the names that appear in the claims file documents referenced above had only minimal involvement or participation in the handling of the claims of Franklin Corporation for defense and indemnity under the policies of insurance at issue in this civil action. Liberty Mutual objects to further identification of each and every person whose name appears in the documents referenced above as overly burdensome and a waste of time. The burden of identifying persons whose identity is revealed in the claim file material produced by Liberty Mutual and identifying the subject matter of their involvement in Franklin corporation's claim is substantially the same for Franklin Corporation and Liberty Mutual. Further identification is also unnecessary since Liberty Mutual will make any person currently employed by Liberty Mutual available for deposition in the vicinity of their assigned duties at a time mutually agreed upon by the parties. Objection is also made to providing the substance and subject matter of each person's involvement as being beyond the scope of discovery. Without waiving the foregoing objection, Liberty Mutual identifies the city where each of the following individuals whose name appears in the claim file materials and who has substantive participation in the handling of the claim on behalf of Liberty Mutual:

1. Albert Greasby; Wausau, Wisconsin
2. Brian Houston
3. Carol Gordon; Irving, Texas
4. Kathleen Quinn;
5. Lisa Jenson; Dover, New Hampshire
6. Michael Skeary; Boston, Massachusetts
7. Michael Pardy; Dover, New Hampshire
8. Michael Tapscott
9. Nancy Brown
10. Wayne Tisdale
11. Douglas Morgan; Birmingham, Alabama; and
12. Kathleen McDonald.

Liberty Mutual has since supplemented its response again, but for the most part the response remains unchanged.

The court finds that the information requested is relevant to the facts of the case. Defendant's claim that providing the requested information would be unduly burdensome or

expensive is not acceptable, particularly when it was defendant which opened the door in the first place by initially responding with the names about whom further information is now sought; because discovery always entails some burden or expense, actual proof or evidence of burden or expense beyond that normally necessary is required to warrant a protective order. 3 Fed. Proc., L. Ed. § 6:139. Absent proof of undue burden or waste of time and resources where the requested information is relevant, the responding party may not unilaterally pick and choose what information is relevant to the opposing party in preparation of trial. However, the court further finds that the scope of the information as requested by Franklin exceeds that which is anticipated under the Rules. See Fed R. Civ. P. 26(b).

Franklin's motion to compel further discovery should be granted to the following extent. Liberty Mutual shall provide to Franklin the identity, location, including work and home address and, if known, telephone number and topic area or general subject matter about which that individual may have knowledge, for all individuals listed in response to Interrogatory No. 2 – not simply those later listed by Liberty Mutual in its response to Interrogatory No 14[1]. Although the court acknowledges that Liberty Mutual may be correct in its assertions that the information may prove to be less than beneficial and ultimately a "waste of time" for both Liberty Mutual and Franklin, nevertheless Liberty Mutual named 53 individuals in its initial response, and it is not for Liberty Mutual to decide which 12 of those may or may not have information relevant to Franklin's claims and defenses in this case. Liberty Mutual shall make full and complete response to Interrogatory No. 14 in compliance with this Order by September 15, 2008.

---

[1]Rule 26(a)(3)(A)(I), requires all parties to identify all witnesses they expect to present and those they may call if the need arises. If any of the named individuals are to be called as witnesses to trial by either party the proper disclosures must be timely made.

### Franklin's Motion to Compel re: 30(b)(6) Deposition and Other Matters

On April 8, 2008, Franklin filed a motion to compel seeking information relating to the 30(b)(6) depositions of Liberty Mutual set for April 17 and 18 in Boston and May 1 and 2 in Dover, New Hampshire. Due to numerous pressing matters and the fact that at that time of this motion the issue of Franklin's waiver of the attorney-client privilege and the work product doctrine had much of the discovery in this case crippled, the court was unable to rule on the motion before the depositions. Now that discovery in this case has begun to get back on track, the court holds that if Franklin has not had the opportunity to depose Lisa Jenson and Brian Huston, as it requested in its motion to compel, it will be allowed to do so at its own expense[2].

The remainder of Franklin's motion to compel – a request for ruling on the other motion to compel addressed above and on the motion to compel addressed in the court's May 13, 2008 Order now on appeal – has been resolved by this or other discovery orders and are now moot.

### Liberty Mutual's Motion To Disqualify L.F. Sams as Attorney for Defendant Franklin Corporation

Liberty Mutual filed a motion to disqualify Franklin's attorney L.F. Sams on April 25, 2008. The motion acknowledges the sensitive nature of the relief requested but states that under Rule 3.7 of the Mississippi Rules of Professional Conduct Mr. Sams should be disqualified as his testimony will be necessary to resolve this case. Given the undersigned's previous May 1 and July 23 rulings regarding Franklin's waiver of the attorney-client privilege and work product protections, Liberty Mutual's motion likely has merit. Nevertheless, Franklin has already appealed the May 1, 2008 Order to Judge Aycock and will more than likely appeal the July 23

---

[2]Both Jenson and Huston were listed by Liberty Mutual in response to Interrogatory Nos. 2 and 14 as individuals who may have relevant knowledge.

Order denying reconsideration of the May 1 Order. For this reason the undersigned declines to rule on the motion to disqualify Mr. Sams at this juncture; ruling on this motion is more properly considered by Judge Aycock after her decision of the privilege/work product matters currently on appeal. Accordingly, the undersigned declines to rule on this motion at this time and directs the Office of the Clerk to un-refer the motion [Docket No. 131] so that it may be considered by the District Judge.

Liberty Mutual's Motion to Stay Discovery

Following a status conference before the undersigned on May 12, 2008, Liberty Mutual filed a motion to stay discovery pending rulings on Franklin's motion for reconsideration of the May 1, 2008 Order and Liberty Mutual's motion for summary judgment. Since that time, the undersigned has ruled on the motion for reconsideration, and Judge Aycock has reset the trial of this case for March 2, 2008. In addition, the undersigned verbally relieved the parties of any obligations to meet the discovery deadlines imposed by the May 1 Order and other subsequent discovery orders until after ruling on the motion for reconsideration. In other words, the court effectively granted a stay of discovery, but not to the full extent requested by Liberty Mutual in its motion. Given the time constraints imposed by the new trial dates, unlimited stay of discovery is not possible. However, the undersigned will stay discovery in this case until September 1, 2008. As stated above, Liberty Mutual will be required to fully respond to Interrogatory No. 14 no later than September 15, 2008. In addition, the parties shall comply with all previous discovery orders entered by the undersigned, other than those specifically related to the pending motion for reconsideration of the court's May 1, 2008 Order, no later than September 15, 2008. Additionally, the parties may at any time after September 15, 2008, or by

agreement prior to that date, resume all necessary depositions or other additional discovery in this case.

Franklin's Motion for Reconsideration of the Court's May 21, 2008 Order

On June 2, 2008, Franklin filed a motion for reconsideration of the Court's May 21, 2008 Order. The court does not typically recognize a motion for reconsideration unless the moving party can show evidence of: 1) an intervening change in controlling law, 2) the availability of new evidence not previously available, or 3) the need to correct a clear error of law or prevent manifest injustice, as required for reconsideration.[3] Although the court has allowed one motion for reconsideration in this case, it was the subject of unusual circumstances [as explained in the order denying motion for reconsideration entered on July 23, 2008, Docket No. 165]. Because the motion provides no new evidence that would warrant reconsideration, the court has denied Franklin's motion for reconsideration of the May 1, 2008 Order and Franklin has appealed the May 21 Order to Judge Aycock pursuant to Uniform Local Rule 72 (Docket No. 157), the court denies the motion for reconsideration.

For the foregoing reasons, it is ORDERED:

1. Franklin's motion to compel further discovery [107] is GRANTED;

2. Franklin's motion to compel regarding the 30(b)(6) deposition of Liberty Mutual [118] is GRANTED in PART and DENIED as MOOT in PART;

3. The court DEFERS RULING on Liberty Mutual's motion to disqualify L.F. Sandy Sams as attorney for defendant Franklin Corporation [131];

4. Liberty Mutual's motion to stay discovery [139] is GRANTED, but not to the

---

[3] *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625 (S. D. Miss. 1990).

extent requested and;

5. Franklin's motion for reconsideration of Order on Motion to Compel [156] is DENIED.

THIS, the 25th day of July, 2008.

　　　/s/ S. ALLAN ALEXANDER
　　　U. S. MAGISTRATE JUDGE