IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**LIBERTY MUTUAL INSURANCE COMPANY, et al.,**      **PLAINTIFFS**

**V.**      **CIVIL ACTION NO. 3:07CV73-A-A**

**PAULINE TEDFORD, et al.,**      **DEFENDANTS**

**AND**

**FRANKLIN CORPORATION**      **COUNTER-PLAINTIFF**

**V.**

**LIBERTY MUTUAL INSURANCE COMPANY, et al.,**      **COUNTER-DEFENDANTS**

## ORDER

Before the court are the following motions:

1. Liberty Mutual's motion for clarification of prior orders [Docket ## 133, 165] and to compel deposition testimony [Docket 259];

2. Liberty Mutual's motion to compel deposition testimony [Docket 260];

3. Franklin's motion to compel further testimony of Doug Morgan, claims representative for Liberty Mutual Insurance Company [Docket 261]; and

4. Franklin's motion to compel production of financial documents [Docket 262].

These motions are the latest in a long line of discovery motions in this case. For this reason, the court will not restate the facts of this case or the rules, law, or legal standards related to the issues raised in these motions.

1

Liberty Mutual's Motion for Clarification of Prior Orders and
to Compel Deposition Testimony of Jeff Cox

Liberty Mutual seeks clarification of the court's prior rulings concerning the application or waiver of the attorney/client privilege to this case. Although the topic seems to have been touched upon in almost every order issued by the undersigned, Liberty Mutual specifically requests clarification of the court's May 8, 2008 Order [Docket 133] and the July 23, 2008 Order [Docket 165] as they apply to the April 26, 2007 letter report and evaluation from attorney Robert Mims to Nancy Brown, an employee of Liberty Mutual, a copy of the which was also sent to Jeff Cox, in-house general counsel for Franklin Corporation. The immediate question before the court is whether the letter – a report from defense counsel for the individual defendants in the state court action to their insurer, Liberty Mutual – copied to Jeff Cox, in-house counsel for Franklin as a co-defendant and the conduit for information between the individual defendants and Franklin, is protected by the attorney/client privilege between the individual defendants and Mims, and thus protected from disclosure despite Franklin's waiver of its attorney/client privilege in this case. The larger concern is whether Robert Mims' communications with Tim Crawley, Jeff Cox, Sandy Sams and Liberty Mutual concerning the defense of the underlying case as a joint effort and not specifically related to the individual defendants is protected by the attorney/client privilege, a joint defense privilege or common interest doctrine.

These issues are far from straightforward. It appears from the motion, memoranda, responses and supporting information that the letter report that gives rise to the motion was drafted by Mims and sent to Liberty Mutual, copying Jeff Cox (but not counsel for Franklin, Tim Crawley or L.F. "Sandy" Sams); it was produced by Liberty Mutual via production of its

Commercial General Liability claims file to Franklin. As an added twist, Franklin then provided the letter report along with numerous other documents to its expert witness for review. Franklin's expert has stated by affidavit that in forming his opinions he did not rely on any material from the underlying case that contained privileged communications between the individual Franklin defendants and their counsel, including the letter report from Mims.

Franklin now seeks to exclude the letter as if it had never been produced, invoking the attorney/client privilege between the individual defendants and their counsel. In accordance with the court's specific findings, communications between the individual defendants and their counsel that relate solely to their defense in the underlying state court case are protected from discovery in this case. *See* Docket 133, 165. Liberty Mutual, on the other hand, seeks an order clarifying the court's previous rulings. In sum, Liberty Mutual wants to use the letter report from Mims to question Jeff Cox about his knowledge of Mims's legal evaluation of the claims of the plaintiffs in the underlying action, Franklin's exposure before the state court trial in light of insurance coverage and the effect, if any, that Cox's knowledge of the facts and circumstances had on the trial of the underlying case.

According to Cox's deposition testimony, Tim Crawley, Franklin's counsel in the underlying case, provided a more optimistic view of the likelihood of Franklin's success at trial and did not provide a realistic estimate of a possible jury verdict and Franklin's liability exposure. Liberty Mutual attempted to ask Cox during his May 13, 2009 deposition about his full knowledge of valuations and exposure – including his knowledge of information regarding the individual defendants – because as in-house counsel for Franklin Cox was the conduit/principal communicator between Franklin, Liberty Mutual and the individual defendants

3

during litigation of the underlying case. Franklin's counsel instructed Cox not to answer the questions based on the court's orders regarding attorney/client privilege. The court has held that "Franklin, and only Franklin – not the individually named defendants that were also parties to the underlying case – has waived the attorney-client privilege and the work product doctrine regarding information related to its counterclaims against Liberty Mutual." [Docket 165]. Further, the court held,

> (b) Any documents in the possession of the law firm of Daniel Coker relating solely to the defense of the individual defendants in the underlying state court action are privileged. A privilege log will not be required for such information. *However, all communications between Daniel Coker, specifically attorney Robert Mims, and Franklin or its attorneys regarding coverage issues in the underlying state court action are not privileged and must be produced,* including information from the date that Mr. Mims acted as counsel for Franklin – May 7, 2007 forward..
> (c) Any information produced by Liberty Mutual relating to the defense of the individual defendants that may have been privileged but was produced subject to any previous agreement between parties to this action or otherwise inadvertently produced should be returned to the proper party and will not be allowed to be used by experts or any other witnesses in this case. This ruling particularly applies to information relating to the representation of the individual defendants in the underlying case which this court has ruled is protected by the attorney-client privilege.

(Emphasis added) [Docket 165, p. 6]. Franklin argues that paragraph (c) above in particular, but also the court's Orders regarding attorney client privilege as a whole, make clear that there has been no waiver by the individual defendants of the attorney/client privilege or the work product doctrine as it applies to their independent counsel, Robert Mims, and his law firm, Daniel, Coker, Horton & Bell. Accordingly, Franklin submits, the letter report from Mims is precisely such a privileged communication and must be protected from disclosure, and Mr. Cox should not testify regarding is knowledge of such materials.

4

Franklin is correct in its reading of the Orders – the attorney/client privilege, a privilege that belongs to the client, has not been waived by the individual defendants and remains intact for the purposes of this case.  Nevertheless, Franklin is unnecessarily splitting hairs.   Franklin is attempting to split Jeff Cox's knowledge of relevant information, in fact knowledge of documents in Liberty Mutual's own claims file, into knowledge of information related to the individual Franklin defendants and knowledge of information related to Franklin Corporation as a defendant in the underlying case.  The fact is that Franklin Corporation and the individually named Franklin defendants were co-defendants in the underlying case.  Franklin, along with Liberty Mutual, paid for the cost of defense for Franklin and the individual defendants. . They had a common interest in the case and although each had separate counsel, the course of litigation necessitated their ability to work together at times and independently at times thoroughly the litigation.

Rule 502 of the Mississippi Rules of Evidence, recognizing the attorney/client privilege, anticipates the need for interaction among defendants without waiving the attorney/client privilege.  As explained in the comment to the Rule:

> The privilege extends to statements made in multiple party cases in which different lawyers represent clients who have common interests. Each client has a privilege as to his own statements. The FRE Advisory Committee's Notes to Deleted Rule 503 state that the rule is inapplicable in situations where there is no common interest to be promoted by a joint consultation or where the parties meet on a purely adversary basis.

Miss. R. Evid. 502, comment. Although Mississippi does not does not construe the common interest privilege as broadly as other jurisdictions, there is no doubt that Franklin and the individual Franklin defendants shared the protection. *Hewes v. Langston*, 853 So.2d 1237, 1267

5

(Miss. 2003); *but see United Investors Life Ins. Co. v. Nationwide Life Ins. Co.,* 233 F.R.D. 483, 488 (N.D.Miss. 2006) (Under Mississippi law, the "the party asserting the privilege must have been, at the time of the communication, a co-party to pending litigation with the party to whom it bears a relationship of common interest." The common interest privilege does not extend to potential co-defendants).

Nevertheless, it is Rule 26 of the Federal Rules of Civil Procedure, and not Mississippi or Federal Rule of Evidence 502, which establishes the work product doctrine. Rule 26 does not make mention of a common interest privilege. As the Mississippi Supreme Court concluded in *Hewes*,

> . . . The Fifth Circuit has not addressed the application of the common legal interest privilege to the work product doctrine. However, the Fifth Circuit, while addressing the application of the common interest privilege to the attorney client privilege, did state that it applies to "communications." Clearly, the implication is that the privilege is not intended to extend to the work product doctrine. Therefore, any disclosure of claimed work product material to a third party waives the protections of the work product doctrine.

*Hewes,* 853 So.2d at 1267 -1268. Therefore, any disclosure of work product material to a third party, even a third party that has a common legal interest such as a co-defendant, waives the protections of the work product doctrine. Although this court is not bound by the Mississippi court's analysis of a Fifth Circuit case, the court nevertheless finds it persuasive and appropriately applied here.

Without question the letter report from Mims to Liberty Mutual and Jeff Cox was work product.[1] This document is readily known to both parties in the instant case, as it was sent to

---

[1] Under the general application of the work product doctrine, a party cannot discover documents or tangible things otherwise discoverable and "prepared in anticipation of litigation or

them by Mims during the underlying case and was later produced by Liberty Mutual to Franklin in this case. The document outlines the facts of the case, reflects the mental impressions and opinions of counsel for the individual defendants regarding the state court plaintiff's claims, and potential liability exposure of the individual defendants. It does not reference any confidential communications between counsel and his clients. Is it information that an attorney would willingly disclose to parties other than his clients? No. Is it protected by the attorney/client privilege? Under the examination of the facts specific to this case, the court must find that it is not. Further, under the court's July 23, 2008 Order, "*all communications between Daniel Coker, specifically attorney Robert Mims, and Franklin or its attorneys regarding coverage issues in the underlying state court action are not privileged and must be produced.*" By the terms of the Order, the letter report was properly produced. Even if it were protected by the attorney/client privilege, the court has determined that the privilege no longer applies, and the document is discoverable. Accordingly, the plaintiff's motion for clarification is GRANTED.

In light of the court's ruling, Liberty Mutual's request to reopen Jeff Cox's deposition is reasonable. It is necessary to note that this will be the third deposition of Cox. Additionally, the discovery deadline in this case passed on July 24, 2009 and on July 27, 2009 the trial Judge denied a motion to continue the trial. [Docket 277]. The trial judge indicated in her Order that if discovery necessitated an extension of the deadlines in this case, the court would allow it.[2] In

---

for trial by or for another party by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3).

[2]The Court's July 27, 2009 order states, "The discovery deadline imposed in this case is July 24, 2009. If the parties are unable to complete discovery within this time frame, the proper avenue would be to request an extension of the discovery deadline." Docket 277, p.1.

light of the October 26, 2009 trial date, the parties are directed to re-depose Cox no later than August 29, 2009. The scope of the questioning will be limited to Cox's knowledge of the evaluations provided by Robert Mims to Cox as conduit to the individual state court defendants, responding to the questions that he was specifically directed not to answer, as well as evaluations provided by Tim Crawley and Liberty Mutual to Franklin Corporation, or any other sources concerning Franklin Corporation's liability exposure.

Liberty Mutual's motion to compel deposition testimony is GRANTED.

### Motion to compel further testimony of Doug Morgan

Doug Morgan, claims representative for Liberty Mutual who was responsible for direct supervision and handling of the claims in the underlying state court case, was deposed on April 3, 2009. The deposition was recessed by agreement and ultimately reconvened and concluded on May 12, 2009. During the deposition on May 12, 2009, counsel for Liberty Mutual instructed Morgan not to answer questions regarding Liberty Mutual's contact, via Morgan, with the Bryan Nelson law firm regarding filing of a declaratory judgment (the instant case). Franklin has filed a motion to compel further testimony of Morgan regarding all communications between Liberty Mutual and the Bryan Nelson firm before the filing of the declaratory judgment action. Franklin contends that the documents produced by Liberty Mutual, specifically a journal entry by Doug Morgan referencing his contact with Rick Nelson, and Morgan's testimony that he had at least two conversations with the Bryan Nelson firm between May 23, 2007 and after the May 25, 2009 verdict relating to retaining the firm to file a declaratory judgment, waives the attorney/client privilege between Liberty Mutual and Bryan Nelson.

Liberty Mutual responds that throughout all phases of discovery, including the production

8

of documents, creation of privilege logs and depositions, including testimony of Doug Morgan, it has explicitly claimed and assiduously maintained the attorney/client privilege with regard to the information Franklin requests. Under a stipulation by the parties and entered by the court on February 13, 2008, the production of documents in this case would not act as a waiver of the claim of attorney/client privilege relative to matters which were specifically preserved by the parties. [Docket 79, p. 2-3]. The stipulation specifically states:

> Liberty Mutual is producing claim files related to the underlying litigation up to the time that Liberty Mutual retained the firm of Bryan Nelson P.A. to file this declaratory judgment action. Liberty Mutual and Franklin agree that while the production of such documents may include documents protected from disclosure by the attorney-client privilege, such production will not operate as a waiver of the attorney-client privilege as to any privileged communications between Liberty Mutual and Bryan Nelson, P.A. after the engagement of Bryan Nelson P.A. by Liberty Mutual on or about May 23, 2007. Liberty Mutual and Franklin agree that Liberty Mutual's production of documents that were created prior to Liberty Mutual retaining Bryan Nelson P.A. that may be considered privileged will not be used or argued as a waiver of any objections of Liberty Mutual communications or communications between Liberty Mutual and Bryan Nelson P.A. subsequent to Liberty Mutual Retaining Bryan Nelson P.A.

Docket 79, ¶2. Franklin vehemently argues that Liberty Mutual, through Morgan and his pre-verdict contact of a firm for a declaratory judgment, has breached its fiduciary duty to Franklin, its insured. Further, Franklin points to several instances in the depositions of Morgan, and Michael J. Pardy where Franklin questioned each about documents and information regarding initial contact and retention of Bryan Nelson to file the instant case.

In addition to Franklin's argument that the privilege was waived due to disclosure of the journal entry, and/or it was waived when Franklin deposed Liberty Mutual employees about the document, Franklin cites *In Re Sunrise Securities Litigation*, 130 F.R.D. 560, 597-98 (E.D. Pa.1989) arguing that a fiduciary who consults with an attorney regarding subject matter that is at

9

odds with the fiduciary's obligation to his beneficiary implicates or creates a conflict of interest. In other words, Liberty Mutual, a fiduciary, acting through its agent Morgan, has a duty to protect the beneficiary, Franklin. Therefore the fiduciary, acting as an advocate for the beneficiary, should not be permitted to invoke an attorney/client privilege to cloak communications with an adverse law firm. Franklin submits that such communications are not protected by an attorney/client privilege. *In Re Sunrise Securities Litigation*, 130 F.R.D. 560, 597-98 (E.D. Pa.1989); *See also Asset Funding Group, LLC v. Adams & Reese, LLP*, (slip op.) 2008 WL 4948835, *2 (E.D.La. 2008).

*In re Sunrise Securities,* among numerous other issues, addresses the conflict of interest that may be created when a law firm obtains legal advice from in-house counsel relating to the law firm's representation of itself and the potential conflict arising from that "representation of itself" and the firm's representation of another client. *See* 130 F.R.D. at 596-97. Thus, because the law firm was itself a client by virtue of being an attorney to itself while also representing an outside client, the representation creates a conflict of interests; *i.e.*, representation of clients that are adverse to one another. *Id.* In so finding, the court held that "a law firm's communication with in house counsel is not protected by the attorney client privilege if the communication implicates or creates a conflict between the law firm's fiduciary duties to itself and its duties to the client seeking to discover the communication." 130 F.R.D. 597. Franklin seeks to extend this fiduciary exception to the attorney-client privilege to the present facts. However, extending the exception to a situation where an insurance carrier seeks consultation from an outside firm regarding coverage issues, either before or after a verdict, defies logic. Franklin acknowledges that Liberty Mutual "had every right to make contact with a law firm to represent its interests, but

10

not through its agent Doug Morgan" who was "the Liberty claims supervisor superintending the defense of Franklin, controlling settlement discussions on the eve of the verdict and was privy to information divulged through Liberty's panel counsel in defense of Franklin." Docket 278, pp. 4-5. Franklin submits that Morgan's dual role created an inherent conflict of interest that puts the communications between Morgan and Bryan Nelson in issue. Accordingly, Liberty Mutual should not be allowed to claim those communications are protected by the attorney/client privilege because they were made in breach of Morgan's fiduciary duties as an agent of Liberty Mutual to Franklin. The court does not agree.

There are two sources that provide an exception to the attorney/client privilege in the context of a fiduciary/beneficiary relationship. Edna Selan Epstein, The Attorney-Client Privilege and the Work-Product Doctrine, at 638 (4th ed. 2001) (hereafter Epstein). Applicable to the instant case is the "*Garner* doctrine." Epstein at 639. This doctrine, from the Fifth Circuit case *Garner v. Wolfinbarger,* 430 F.2d 1093, 1103-1104 (5th Cir.1970), *cert. denied*, 401 U.S. 974 (1971), *on remand*, 56 F.R.D. 499 (S.D. Ala. 1972), provides an exception to the attorney/client privilege in cases where there are competing concerns, *i.e.,* management of a corporation that seeks legal advice on behalf of the corporation yet refuses to disclose the information to its stockholders, in whose interests the advice was presumably sought in the first place. Epstein at 640. The *Garner* case affirmed the district court's decision that the attorney/client privilege was not available to protect information sought from counsel by a corporation from its shareholders. *Garner*, at 1103-1104. The court held that the attorney/client privilege is not absolute. *Id.* Instead, the court sought to balance the interests of the competing concerns and between confidentiality and full disclosure. *Id.* The court identified numerous factors to be considered in

11

determining whether there exists good cause, to be examined on a case by case basis, in determining issues of disclosure in shareholder derivative suits. *Id* at 1104. Although the doctrine has been applied to cases outside of a corporate context, the application of the *Garner* doctrine to the instant case is not proper. *Cf., Wildbur v. ARCO Chemical Co.* 974 F.2d 631, 645 (5th Cir.1992) (an ERISA fiduciary cannot assert the attorney/client privilege against a plan beneficiary about legal advice dealing with plan administration); *Quintel Corp. MV v. Citibank, NA,* 567 F.Supp. 1357, 1362-63 (S.D. N.Y. 1983), citing *Garner* (where a bank serves as a fiduciary the same principle may be applied).

There is no case law or analogous rule of law that would provide an exception to the attorney/client privilege between an insurance company and outside counsel retained to file a declaratory judgment action to determine coverage issues because the initial contact with the firm was made by the supervising agent for the insurance company. Although case law may support an exception to the attorney/client privilege in other fiduciary/beneficiary relationships, the application of the that policy to an insurer/insured relationship in questions of whether a policy covers a specific scenario would severely limit the insurer's ability to seek legal counsel regarding its duties or applicability of coverage under various policies. Although a business of risks, an insurer is in business to make a profit. Determination of coverage under a policy is essential to business and to making a profit. Because the insurer must act as a fiduciary once the insurer assumes control over defense of an action against its insured, and the insurer must consider the interests of its insured on an equal basis with own interests in conducting a defense and evaluating settlement, *see Hartford Acc. & Indem. Co. v. Foster*, 528 So. 2d 255, 263–65 (Miss. 1988); *Nichols v. State Farm Mut. Auto. Ins. Co.*, 345 F. Supp. 212, 216 (N. D. Miss.

12

1972); *see also Gorman v. Southeastern Fidelity Ins. Co.*, 621 F. Supp. 33, 38 (S. D. Miss. 1985) (no fiduciary duty between insurer and insured exists in first-party coverage; relationship is "debtor-creditor type"); *Sessoms v. Allstate Ins. Co.*, 634 So. 2d 516, 519–20 (Miss. 1994) (acknowledging that insurer's duties in first-party context are different from duties in third-party context; in first-party context, insurer does not have ability to injure insured by virtue of insurer's exclusive control); *Davidson v. State Farm Fire & Cas. Co.*, 641 F. Supp. 503, 513 (N. D. Miss. 1986), it is not unreasonable for an insurer to want to be sure its policy provides coverage. Seeking outside counsel for this determination is not only standard, it is prudent. Doug Morgan's contacting Bryan Nelson before the jury returned a verdict for the purpose of filing a declaratory judgment regarding the case that Liberty Mutual was defending under a reservation of rights did not create a conflict of interest which operated as an exception to the attorney/client privilege requiring this court to order disclosure of the communications themselves.

The next consideration is whether the attorney/client privilege was waived by deliberate or inadvertent production of the journal entry by Doug Morgan quoting correspondence from Rick Nelson with the Bryan Nelson firm: "As we discussed, we will prepare the DJ action for filing next week. On Tuesday we will travel to the court and get certified copies of documents that we will use as exhibits to the Motion. I will also go by Jackson LM office and get certified copies of the Franklin policies issued by LM." Docket 261-2. Franklin argues that it was. To determine whether Liberty Mutual, through redaction of specific information, privilege logs and objections made to discovery requests and in depositions, intended to preserve its attorney/client privilege as to its retention and relations with the Bryan Nelson firm, the court is guided by Federal Rule of Evidence 502 regarding inadvertent disclosure of privileged information. The

13

Rule provides:

> (b) **Inadvertent disclosure**. When made in a Federal proceeding or to a Federal office or agency, the disclosure does not operate as a waiver in a Federal or State proceeding if:
> (1) the disclosure is inadvertent;
> (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and
> (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

Liberty Mutual asserts that the information was produced under a Stipulation regarding protection, or reservation of applicable privileges. The excerpt quoted in the journal entry was from a communication that was listed in Liberty Mutual's privilege log. Finally, Liberty Mutual claims that the disclosure of the unredacted journal entry, as part of voluminous production of the claims file, was inadvertent, and it has requested the information be returned and replaced with a redacted version. It appears that Liberty Mutual took appropriate steps to protect its privilege. Given the parameters of this case it is reasonable that counsel would take measures to ensure full and complete disclosure of relevant information, such as date, names, and nature of communications between Liberty Mutual and Bryan Nelson, but insist on preservation of applicable privileges and make efforts not to disclose any information outside of that which is necessary. The court holds that the objections made by counsel for Liberty Mutual during depositions and to specific discovery requests leave little room for doubt that it intended to preserve the attorney/client privilege relating to all communications between itself, its agents and Bryan Nelson. As to the specific journal entry in question, the disclosure of the unredacted version was inadvertent. Franklin should return the information to Liberty Mutual, and Liberty Mutual may replace it with a redacted copy within ten days of the date of this order.

<u>Franklin's motion to compel production of financial documents</u>

Franklin seeks an order requiring Liberty Mutual to produce the most recent GAAP financial statement for each of the Liberty Mutual plaintiffs. In response to the motion Liberty Mutual has agreed to provide the Annual Statement of each Liberty Mutual plaintiff for the year ended December 31, 2008. The court holds that the motion is therefore moot.

CONCLUSION

Liberty Mutual's motion for clarification of prior orders [Docket ## 133 and 165] and to compel deposition testimony [Docket # 259] is granted; Liberty Mutual's motion to compel deposition testimony [# 260] is granted; Franklin's motion to compel further testimony of Doug Morgan, claims representative for Liberty Mutual Insurance Company [# 261] is denied; and Franklin's motion to compel production of financial documents [# 262] is moot.

SO ORDERED, this, the 6th day of August, 2009.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE