**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**LIBERTY MUTUAL INSURANCE COMPANY, et al.**  **PLAINTIFFS**

**v.**  **CAUSE NO. 3:07CV73-SA-SAA**

**PAULINE TEDFORD, et al.**  **DEFENDANTS**

### ORDER ON APPEAL

The magistrate judge entered an order granting Liberty Mutual's motion for clarification [259] and motion to compel deposition testimony [260], denying Franklin's Motion to Compel further testimony of Doug Morgan [261], and finding as moot Franklin's motion to compel financial documents [262]. Franklin Corporation ("Franklin") has filed its Objections and Appeal [288] of Magistrate Judge Alexander's decision [280]. After reviewing the appeal, responses, rules, and authorities, the Court makes the following findings:

*Discussion and Analysis*

On appeal from a ruling by the Magistrate Judge, this court will grant relief only if the opposing party shows the decision was clearly erroneous or contrary to the law. FED. R. CIV. P. 72(a).

Liberty Mutual asked the magistrate judge to clarify the effect of her prior orders concerning Franklin's waiver of the attorney/client privilege as to an April 26, 2007, letter report and evaluation from attorney Robert Mims to Nancy Brown, an employee of Liberty Mutual. A copy of that April 26, 2007, document was also forwarded by Mims to Jeff Cox, in-house counsel for Franklin and the "conduit for information between the individual defendants and Franklin."

Liberty Mutual also requested that the court review whether Mims' communications with Tim Crawley, Jeff Cox, Sandy Sams, and Liberty Mutual concerning the defense of the underlying case as a joint effort, and not specifically related to the individual defendants, is protected by the

attorney/client privilege, a joint defense privilege, or the common interest doctrine.

Judge Alexander observed that Franklin and the individual defendants were co-defendants in the underlying case. Further, Franklin and Liberty Mutual paid for the costs of defense for the individual defendants. The magistrate judge remarked that Franklin and the individual defendants "had a common interest in the case and although each had separate counsel, the course of litigation necessitated their ability to work together at times and independently at times throughout the litigation."

Thus, the magistrate judge found that Franklin and the individual defendants shared the common interest privilege with respect to the communication at issue. Moreover, the court held, "any disclosure of work product material to a third party, even a third party that has a common legal interest such as a co-defendant, waives the protections of the work product doctrine." The court held that the document is discoverable as it was sent to both parties to this litigation during the underlying case. Furthermore, the magistrate judge noted that under the express findings of her earlier opinion, all communication regarding coverage issues between Mims and Franklin, or its attorneys, was discoverable. She held that Mims' report concerned coverage issues and was, therefore, subject to disclosure under her prior order.

The letter, from Robert Mims to Nancy Brown of Liberty Mutual, was also copied and sent to Jeff Cox. Liberty Mutual then produced the letter, which was contained in its Commercial General Liability claims file, in discovery to Franklin. Franklin thereafter provided the letter to its expert for review. The letter outlines the allegations of the underlying case and provides an estimate of potential recoveries by the underlying plaintiffs. Mims specifically addressed whether the underlying defendants' acts could be considered intentional and his opinion as to the proof received

at trial.

Documents and material developed by a lawyer for use in or in anticipation of litigation are not protected by the attorney-client privilege. However, such materials may be cloaked from disclosure to an adverse party, at least during the discovery process, on the ground that they constitute the attorney's work product.

Federal Rule of Civil Procedure 26(b)(3) provides:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).

The Court holds that Robert Mims' disclosure of the April 26, 2007, report to Jeff Cox, in house counsel for Franklin, waived the work product privilege as to that document.

Accordingly, the parties are directed to re-depose Cox no later than September 28, 2009. As noted in the magistrate judge's opinion:

> The scope of the questioning will be limited to Cox's knowledge of the evaluations provided by Robert Mims to Cox as conduit to the individual state court defendants, responding to the questions that he was specifically directed not to answer, as well as evaluations provided by Tim Crawley and Liberty Mutual to Franklin Corporation, or any other sources concerning Franklin Corporation's liability exposure.

Magistrate Judge Alexander also denied Franklin's Motion to Compel further deposition testimony from Doug Morgan. Franklin sought to further depose Morgan on his contact with the firm hired to prosecute this declaratory action for Liberty Mutual. Franklin asserts that Liberty Mutual's production of a journal entry of Doug Morgan quoting correspondence from an attorney with that law firm to be a waiver of the attorney/client privilege.

The magistrate judge refused to extend the Garner doctrine to the insured/insurer relationship.

Moreover, the magistrate judge held that Liberty Mutual's production of Doug Morgan's journal entry relaying communications between himself and the law firm hired to file this action was inadvertent.

After reviewing the record and carefully considering the parties' arguments, this Court is of the opinion that the magistrate judge was not clearly erroneous in her determination that disclosure of the journal entry was inadvertent. Moreover, her refusal to extend the <u>Garner</u> doctrine to apply to insured/insurer relationships is not contrary to law. Thus, the magistrate judge's opinion is affirmed as to the Motion to Compel further testimony of Doug Morgan.

Accordingly, if Franklin has not already done so, Franklin should return the information to Liberty Mutual, and Liberty Mutual may replace it with a redacted copy on or before September 28, 2009.

*Conclusion*

Franklin has not proved that the Magistrate Judge's order of August 6, 2009 [280] was clearly erroneous or contrary to law. Thus, the magistrate judge is affirmed as to the appeal filed by Franklin.

SO ORDERED, this the 18th day of September, 2009.

                                           **/s/ Sharion Aycock**
                                           **U.S. District Judge**